**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4046**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RICKY TIMOTHY WYATT, JR., a/k/a Knuckles,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:13-cr-00107-HEH-1)

Submitted: July 30, 2014          Decided: August 4, 2014

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey L. Everhart, RICE and EVERHART, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Timothy Wyatt, Jr., appeals from his 112-month sentence imposed pursuant to his convictions for possession of a firearm by a convicted felon and five counts of production of counterfeit Federal Reserve notes. On appeal, he challenges his four-level role enhancement under U.S. Sentencing Guidelines Manual § 3B1.1 (2012) and the district court's imposition of a variance sentence (the advisory Guidelines range was 78 to 97 months). We affirm.

Wyatt first argues that the leadership enhancement was inappropriate because the district court failed to consider the seven factors listed in the commentary and ignored the conflicting evidence at trial when determining the number of people involved. We review a defendant's sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. The district court's determination that a defendant is an organizer or leader in the offense is a factual finding reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011). Reversal for clear error is warranted only where we are left with the "definite and firm conviction that a mistake has been committed." United

2

States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

A defendant qualifies for a four-level adjustment if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Factors that distinguish an organizational or leadership role from lesser roles include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. n.4. The enhancement "is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted).

In this case, we conclude that the district court did not clearly err when it determined that Wyatt was an organizer or leader of the enterprise. At sentencing, an FBI agent testified and described how Wyatt controlled the activities of several individuals, distributing funds to them, recruiting them, and organizing them to assist with his counterfeiting scheme that continued over at least a two month period and involved over $20,000 of counterfeit funds. Wyatt used his

3

apartment as the place for printing and then he either cut the money up there or traveled with other members of the enterprise to different places for cutting and distribution of the funds that he controlled.

The district court cited "Boone," Dataniel Peterkin, "Zoe," LaQuain Roberson, and Janay Fisher as members of the organization. The court accepted the Agent's testimony that Boone regularly moved counterfeit funds for Wyatt, and he also traveled on at least one occasion to give counterfeit funds to another gang member. Peterkin assisted with production, was recruited by Wyatt for further involvement, and traveled with Boone to deliver counterfeit funds. Zoe was also present for production, and he moved the counterfeit money, as well. Roberson received $6000 to distribute for a profit (with a cut going back to Wyatt), and he urged his wife to cover up the crime. Based on the Agent's testimony, the district court did not clearly err in finding that Wyatt's organization included these four persons.

Moreover, even considering the trial testimony, the district court did not clearly err in determining that Wyatt exercised control and management over these members of the organization by directing their actions and requiring a cut of the profits. While the trial testimony was not as probative on this issue as the Agent's testimony, Wyatt's leadership role was

4

not an issue or element at trial. In any event, the trial and sentencing hearing testimony are not in direct conflict, and even if they were, the court would be free to reject portions of the trial testimony in favor of the Agent's information. Moreover, while the court's reasoning was not extensive, the court heard lengthy argument on the issue and clarified several points, clearly demonstrating that the court understood the factors involved in the role enhancement determination.

The remaining question, then, is whether Fisher was a member of the organization as she was the fifth person cited by the district court. The district court relied on the Agent's testimony that Fisher counted money on one occasion. However, when Fisher counted the money, contrary to the district court's statements, she was presumably unaware of the counterfeiting, as Wyatt was attempting to use her for quality control. Nevertheless, once Fisher became aware of the counterfeiting, she was present when money was being printed and distributed in her home. Moreover, Fisher followed Wyatt's instructions to remove evidence from their home and testify falsely at the grand jury. Accordingly, while Fisher's money counting did not constitute participation in the counterfeiting organization, Fisher was, in fact, a member of the organization. Accordingly, given that there were at least five members of the organization

5

that was led and organized by Wyatt, the district court did not clearly err in applying the role enhancement.

Wyatt next contends that the district court erred by imposing an upward departure based upon a perceived under-representation of Wyatt's criminal history under USSG § 4A1.3. Wyatt asserts that his criminal history was not substantially under-represented. However, the district court actually imposed a variance sentence as opposed to a departure. The court calculated a Guidelines range of 78 to 97 months and then noted that this range was advisory. The court then considered the § 3553 factors and determined that the Guidelines range was insufficient to fulfill the objectives of sentencing. Thus, while the court eventually determined that a more appropriate Guidelines range would have been 92 to 115 months, which was based on a Criminal History Category IV, the court clearly just utilized this range as a tool in determining the correct amount of variance.

When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference

to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Wyatt has preserved the challenge to this aspect of his sentence "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). If the district court abused its discretion, we will "reverse unless . . . the error was harmless." Id. at 576.

In this case, the court's reasoning demonstrated that it listened to and considered the arguments of counsel in general and had reviewed the PSR and considered the Guidelines range. Moreover, the district court considered the § 3553 factors in detail and specifically stated that it was motivated by Wyatt's leadership role in a violent and criminal gang; the nature of his criminal history (including rape and abduction); the fact that he was involved in gang activity just days after his parole was completed; and the fact that his previous sentence did not deter him. As Wyatt's only argument—that Criminal History Category III appropriately stated his criminal

7

history—is irrelevant to the district court's discussion of the § 3553 factors, we conclude that the court did not commit procedural error.

Moreover, as the court considered and relied on factors relevant and appropriate to sentencing, we find that the sentence imposed upon Wyatt is substantively reasonable, in light of "the totality of the circumstances." Gall, 552 U.S. at 51. Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007); see also United States v. Carter, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point").

Based on the foregoing, we affirm Wyatt's sentence. We deny Wyatt's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED